PFEIFFER HARDWARE COMPANY *v.* THE AUBURN STATE BANK OF AUBURN ET AL.

[No. 15,553. Filed May 26, 1937. Rehearing denied October 15, 1937. Transfer denied December 17, 1937.]

*Flanagan & Murphy*, for appellant.

*Edgar W. Atkinson* and *Hugh G. Sanders*, for appellees.

KIME, J.—The appellant, Pfeiffer Hardware Company, filed suit against the appellees, Otto A. Gengnagel and B. Mae Gengnagel, his wife, seeking a money judgment against Otto and to set aside deeds whereby Otto had transferred real estate owned by him to himself and wife, as tenants by the entireties. This suit was filed October 19, 1928, and summons was issued by the clerk of the Allen Circuit Court. On October 20, 1928, personal service was had on Mae and a copy of the summons was left with her for Otto, at his home where they both resided. On the same day there was filed by the appellant, the plaintiff in that suit, a *lis pendens* notice in the clerk's office of DeKalb County where the Gengnagels owned real estate, which notice of *lis pendens* was duly recorded in Lis Pendens Record No. 2. On October 29, 1928, the Gengnagels appeared by counsel in the Allen Circuit Court and filed an answer in general denial. On this same day the Gengnagels mortgaged the DeKalb County real estate to the Auburn State Bank to secure a note due October 29, 1933.

The appellant's suit was venued to Huntington County where it was tried in May, 1930, and on February 24, 1931, judgment was rendered in favor of the hardware company in stated sums and for costs, the fraudu-

lent deeds were set aside and held for naught, and the real estate was ordered sold by the sheriff of DeKalb County "upon a certified copy of this decree as upon execution" and that the proceeds of the sale be applied first to the costs of the action and then to the payment of the amounts adjudged in favor of the hardware company. A motion to modify this judgment and a motion for a new trial were filed March 10, 1931, and it was not until June 6, 1934, three years, two months, and twenty-seven days later, that these motions were overruled and the judgment became final. This long delay is not explained by the record.

The Gengnagels not having paid the interest on their note due in October, 1932, the Auburn Bank filed suit on February 6, 1933, to foreclose the mortgage given by the Gengnagels to secure the note and made the hardware company a party. The bank alleged that the hardware company claimed "to have or hold some interest in or lien upon said real estate" and it was made a party to answer as to any interest it might have. This complaint was in one paragraph with the notes and mortgage as exhibits thereto. The Gengnagels answered by general denial and the hardware company answered in four paragraphs, the first being a general denial and the other three in effect pleaded the transaction on all of the pertinent facts heretofore detailed, which were, in effect, that the hardware company had brought suit, filed a *lis pendens* notice, secured a judgment and that it was thereby entitled to a first lien upon the real estate. The complaint and its exhibits, the judgment of the Huntington Circuit Court, and a copy of the *lis pendens* notice were all made exhibits to the answers.

Trial was by the court, who found in favor of the appellee bank that its mortgage was prior and superior to any held by the hardware company. The appellant hardware company filed a motion for a new trial which

was overruled and judgment was rendered on the finding. From that judgment this appeal is prosecuted—the error assigned being the overruling of the motion for a new trial. The grounds of the motion were that the finding was not sustained by sufficient evidence and that it was contrary to law.

The appellant's counsel contends that the judgment of the trial court was erroneous because it should have been in favor of the hardware company for the reason that a *lis pendens* notice had been filed by it after its suit was filed and before the mortgage was recorded, which gave it a lien prior and superior to any that the bank had.

It is necessary to an intelligent understanding of this matter to examine the particular question that was presented to the trial court. The bank by its complaint alleged, in effect, that it held a mortgage on the real estate of the Gengnagels which should be foreclosed and subjected to a lien in its favor. The hardware company by its answers said that it was entitled to a lien superior to that of the bank. The ultimate and decisive question for the trial court's decision was whether the bank's lien given by the judgment therein should be superior or inferior to the judgment held by the hardware company. The question before this court is whether or not the judgment of the trial court is to be sustained.

The appellant's contention, when reduced to its last analysis, is that it secured what it contended was a lien, on the realty because it filed a *lis pendens* notice with the clerk. As we understand appellant's theory it is that since the *lis pendens* notice was filed the bank could not acquire any lien superior to what it contends was a lien which it acquired by virtue of the judgment obtained in the Huntington Circuit Court.

Appellant's contention might be the basis of logical

reasoning if a positive statute did not intervene to make it fallacious. The statute provides that clerks of the counties shall keep a judgment docket wherein shall be entered judgments and certain data relative thereto. The statute further provides that "all final judgments for the recovery of money or costs . . . shall be a *lien upon real estate* and chattels real liable to execution in the county where, *and only where,* such judgment has been duly entered and indexed in the judgment docket as provided by law." Acts of 1929, ch. 83, §2, p. 278, §2-2706 Burns' 1933, §421 Baldwin's 1934.

The judgment in favor of the appellant which was rendered in a county other than that in which the realty was situated was never duly entered and indexed in the county wherein the land was located as the statute requires so far as the record before us discloses. Since the positive mandate of the statute was not complied with there was not, at the time the trial court rendered judgment herein, any lien superior to that of the appellee bank.

The appellant's counsel, it appears from their use of language, believe that the *lis pendens* statute gives a lien to one who files a notice thereunder. Many cases are cited wherein language is used loosely which would tend to lead one to that conclusion unless they are examined with great care and with the above statute kept constantly in mind.

May we again remark that the question here was as to superior rights as of the date of judgment and that the statute did not give to the appellant a lien on land in one county merely because of a judgment obtained in another county.

The judgment was not contrary to law and is sustained by sufficient evidence and consequently is in all things affirmed.